### HUTCHINSON v. ATLANTIC AVE. R. CO.

(Supreme Court, Appellate Division, Second Department.    October 11, 1898.)

EXCESSIVE DAMAGES—PERSONAL INJURIES.
  $3,500 damages for the fracture of the acromion process and of the humerus of a seven year old child, where the child suffered, and was likely to continue to suffer, from his injuries, are not excessive.

  Bartlett and Hatch, JJ., dissenting.

Appeal from trial term.

Action by Martin Hutchinson, an infant, etc., against the Atlantic Avenue Railroad Company.    From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James R. Soley, for appellant.
J. Stewart Ross, for respondent.

WOODWARD, J.    On the 25th day of December, 1895, the plaintiff, with three brothers and a friend of about the same age, attended a Christmas festival at the Columbia Theatre, in the city of Brooklyn. They went early in the morning, and about noon boarded one of the cars of the defendant, on Adams street, and transferred at the corner of Boerum Place and Atlantic avenue to one of the cars of the defendant, running along Bergen street, in said city.    Plaintiff took a seat near the middle of the car, and soon afterwards began vomiting.    With one of his brothers, he attempted to gain the rear platform, but was told by the conductor to return to his seat.    The plaintiff was at this time about seven years of age, and did as he was directed, but

soon resumed vomiting, at which some of the passengers complained, and the conductor entered the car, took hold of the child, and removed him from the car to the street.    The evidence is conflicting at this point. The plaintiff and his brothers testify that the conductor took him by the coat collar or the shoulder, and dragged him to the rear platform, where he lifted him up, and threw him to the ground, over the dashboard, without stopping the car.    A witness called by the defendant testifies that the car was stopped before the plaintiff was ejected, but admits that the conductor was not careful in removing the child from the car; and it is evident from the verdict that the jury credited the plaintiff's version of the ejectment.    The defendant's conductor was not put upon the stand, but this was accounted for by the fact that he had been attempting to make arrangements to testify in the interests of the plaintiff, and against the defendant, under circumstances which made it unsafe to call him.    It is admitted on the part of the defendant, through the testimony of its physician, who examined the plaintiff some time after the accident, that the child suffered some bruises, and that the plaintiff showed evidences of such contusions at the time of the examination, but it is urged that the injuries were not such as to warrant the jury in finding a verdict for $3,500; and it must be admitted that the evidence upon the question of injuries is not of the character which is usually developed in cases of this nature.    However, the case was tried and submitted to the jury without exceptions worthy of serious consideration, and we are unable to see where we would be justified in interfering with the judgment.    There was evidence tending to show that the child had suffered a fracture of the acromion process, and of the humerus, or upper arm bone; that the plaintiff still suffered, and was likely to continue to suffer, from the injury; and, if this is true, the judgment cannot be said to be excessive. Whether this is true is peculiarly a matter for the jury to determine; and, in the absence of reversible error on the trial, we are forced to conclude that the judgment should be affirmed, with costs.

Judgment and order affirmed, with costs.    All concur, except BARTLETT and HATCH, JJ., dissenting.